# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL G. WARWICK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00023 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | | |

*Michael G. Warwick, Pro Se Petitioner; Robert H. Anderson, III, Senior Assistant Attorney General, Richmond, Virginia, for Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Michael Warwick, a Virginia inmate, challenges the validity of his confinement on a judgment by the Nelson County Circuit Court. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because Warwick's petition is partially procedurally barred and ultimately without merit.

## I. BACKGROUND.

On August 16, 2013, Warwick was recovering from spinal surgery at the Lovingston Health and Rehabilitation Center, a nursing home facility. Lakisha Townes, the director of discharge at the facility, entered Warwick's room to

discuss his scheduled discharge on August 18.[1] Townes also told Warwick that the center intended to move him into a different room. Even after staff offered to help pack, Warwick became increasingly agitated and began cursing and shoved Townes. Townes left the room and a nurse called 911. While waiting for the police, nurses continued trying to calm Warwick.

When Deputy Sheriff Brooks arrived, Warwick was pacing back and forth between his room and the nursing station. After attempting to speak to Warwick multiple times, Brooks finally placed a hand on Warwick's arm to prevent him from moving. Warwick swung his arm backwards to break free of Brooks' grasp and threw several punches, striking Brooks in the face. Brooks informed Warwick that he was under arrest, then disengaged and waited for backup.

Shortly after, Sergeant Davis responded to the call, and the two officers moved to arrest Warwick. Davis and Brooks attempted to gently force Warwick to the floor, but a violent struggle ensued and Warwick struck Brooks in the chest and face and Davis in the face. Brooks testified that Warwick struck him eight or nine times but that he did not incur any lasting injuries. At some point during the scuffle, Warwick also kicked Davis in the face, breaking the sergeant's glasses. The struggle on the floor lasted approximately two to three minutes. Neither

---

[1] The facts are taken from the state court record.

officer knew what medications Warwick was taking nor his overall psychological state — they only knew that he appeared extremely agitated.

Warwick testified that he remembered taking painkillers and being asked by the nurses to move several times, but that he did not recall Brooks asking him to calm down or put his arms down. He did recollect Brooks grabbing him by both arms and pushing his back into an ice machine, which Warwick said was extremely painful because he still had stitches in his back. He claimed that he did not understand why Deputy Brooks was there, and that he had approached the nurses' station to request that they empty blood out of his medical pouch. He asserted that he complied with the officers' demand to put his arms behind his back, but that he was hurt badly when Brooks and Davis wrestled him to the ground. He testified that he did not remember much of the struggle due to his medication, but that he knew that he did not intend to strike Brooks or Davis. Warwick described the interaction as an example of police brutality.

The jury convicted Warwick and the Nelson County Circuit Court sentenced him to six years in prison. Warwick appealed, but both the Court of Appeals of Virginia and the Supreme Court of Virginia denied his petitions. Warwick did not raise any of his present allegations during his direct appeals; however, he did raise the claims in a habeas petition in the Supreme Court of Virginia, which was denied.

On January 19, 2017, Warwick filed a Petition for a Writ of Habeas Corpus in this court, alleging the following:

1. Warwick's due process rights were violated because the circuit court order book did not contain an entry that the grand jury had properly indicted petitioner, as required under Virginia law;

2. Trial counsel was ineffective for failing to inspect the grand jury record, thus not realizing that the record was defective; and

3. Trial counsel was ineffective for not interviewing Warwick's surgeon and not reviewing or subpoenaing Warwick's medical chart to show that Warwick's physical health was such that he could not have committed the offenses.

Respondent moves to dismiss Warwick's petition as procedurally barred and without merit.

## II. Discussion.

### A. Standard of Review.

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 686-687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success," *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). When reviewing a *Strickland* claim under the Antiterrorism and Effective Death Penalty Act of 1996, the court's review is "doubly" deferential. *See Harrington*, 562 U.S. at 105.

For *Strickland's* first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687-88. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).

For the second prong, a petitioner must demonstrate that, but for counsel's alleged error, there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Lastly, an attorney's "[f]ailure to raise a meritless argument can never amount to ineffective assistance" because the result of the proceeding would not have been different had the attorney raised the issue. *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996).

*B. Exhaustion and Procedural Default.*

Warwick properly exhausted his current claims when he presented them to the Supreme Court of Virginia in his state habeas petition. *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

However, Claim 1 is procedurally defaulted under *Slayton v. Parrigan*, 205 S.E.2d 680 (1974), because Warwick could have raised the claim at trial or on direct appeal, but failed to do so. *Parrigan* is an adequate and independent state law procedural ground that precludes federal habeas review from considering the merits of claims. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

"If a claim is procedurally defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher*, 163 F.3d at 844). The "cause" prong requires a petitioner to demonstrate that there were "objective factor[s]," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985). Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to proffer a colorable claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

Warwick has not demonstrated cause and prejudice or a miscarriage of justice to excuse his default. He has not proffered evidence that he was unable to comply with the state procedural rule or a colorable claim of actual innocence. Therefore, Claim 1 is procedurally barred under *Parrigan*.

## *C. Merits.*

In Claim 2, Warwick contends that counsel was ineffective for failing to discover that the indictments were deficient. However, on habeas review, the Supreme Court of Virginia determined:

> The record, including the circuit court's January 28, 2014 grand jury order and grand jury action report of the same date, demonstrates the grand jury, after deliberating, returned to open court and announced it had returned true bills Case Nos. CR 13000209-00 and CR 13000210-00, from which petitioner's convictions arise. Moreover, the clerk of the circuit court recorded these indictments electronically, as [Va.] Code § 17.1-124 and -240 permit.

*Warwick v. Clarke*, No. 160219, slip op. at 2 (Va. Aug. 3, 2016).[2] It is clear from the record that Warwick's allegation is unfounded, and an attorney's failure to raise a meritless argument cannot form the basis of an ineffective assistance of counsel allegation. *See Moore*, 934 F. Supp. at 731. Therefore, I conclude that the state court's adjudication of Claim 2 was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts.

---

[2] The Supreme Court of Virginia's opinion is an exhibit to Warwick's petition at ECF No. 1-2.

In Claim 3, Warwick asserts that counsel was ineffective for failing to interview the doctor who performed his spinal fusion surgery. Warwick argues that, if counsel had interviewed the doctor, counsel would have known to subpoena Warwick's medical records. He contends that the records would have shown that Warwick was physically unable to commit the charged offenses.

On habeas review, the Supreme Court of Virginia ruled that Warwick's claims did not satisfy either prong of *Strickland* because: (1) a nurse testified that Warwick was "able to jump on top of a radiator, reach for an item in his closet, and jump to the floor flat-footed," (2) counsel, in a sworn affidavit, stated that Warwick never mentioned "issues regarding loss of mobility," (3) multiple witnesses observed the altercation and testified that Warwick physically engaged the responding officers, and (4) counsel pursued the alternative argument that Warwick lacked the intent to commit assault and battery because of his painkiller consumption. *Warwick v. Clarke*, No. 160219, slip op. at 3; De Bruin Aff. 2, ECF No. 8-1. The court continued: "[Warwick] failed to demonstrate counsel's choice of defense strategy was unreasonable or that there was a reasonable probability of a different result had counsel interviewed [Warwick's treating physician] and subpoenaed petitioner's medical records." *Warwick v. Clarke*, No. 160219, slip op. at 3.

I agree with the state court's decision. The Commonwealth submitted overwhelming evidence of Warwick's guilt and counsel reasonably pursued an alternative defense strategy. Therefore, Warwick has not demonstrated that counsel's performance was deficient or that, but for counsel's actions, the outcome of the trial would have been different. I conclude that the state court's adjudication was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of the facts.

### III. CONCLUSION.

For the stated reasons, I conclude that Warwick's habeas petition is partially procedurally barred and otherwise without merit. Therefore, I will grant the Motion to Dismiss and deny Warwick's habeas petition.

A separate Final Order will be entered herewith.

DATED: October 16, 2017

/s/ James P. Jones
United States District Judge